IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BING ZE DING, | : | CIVIL ACTION NO. **4:CV-05-0947** |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**I. Discussion.**

On May 9, 2005, the Petitioner, Bing Ze Ding, formerly an inmate at the York County Prison, York, Pennsylvania, filed, *pro se*, this Habeas Corpus Petition pursuant to 28 U.S.C. § 2241. **(Doc. 1)**. The Petitioner paid the required filing fee. On May 11, 2005, the Court directed Respondents to respond to the Petition. Respondents' Response was due on May 31, 2005.

On May 31, 2005, the Respondents filed a Notice of Release and a support Exhibit. (Doc. 6). We construe Respondents' Notice as their Response to the Petition. Respondents request that the Petition be dismissed as moot, since it challenged Petitioner's continued detention by BICE, and Petitioner was no longer incarcerated due to his release pursuant to an Order of Supervision. A review of the instant Petition reveals that Petitioner does not challenge his final order of deportation. Rather, he challenges his continued detention by BICE and seeks his immediate release from custody. (*See* Doc. 1, pp. 4, 17-18).[1]

---

[1]Even if the Habeas Petition did challenge his final order of removal, this Court would no longer have jurisdiction to hear such a claim under Section 106 of the Real ID Act of 2005, Pub. L. No. 109-13 (May 11, 1005). *See Soyemi v. Chertoff*, No. 05-mc-145, M.D. Pa. (May 26,

In his Habeas Petition, the Petitioner only contended that he was being unlawfully detained by BICE[2] and that his continued detention violated his due process rights. (*Id*., pp. 5, 15). The Petitioner contended that he was beyond the six-month presumptively reasonable period for removal since he states that he was taken into BICE custody. (*Id*., p. 18).[3] Specifically, the Petitioner claims that his continued detention violates the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001), in that as an alien in post final removal order detention beyond six (6) months, once he has provided good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future, the BICE must show a reasonable likelihood of his deportation. (*Id*., pp. 11, 15-16).

A Notice of Release and request for dismissal based on mootness was filed by Respondents on May 31, 2005. (Doc. 6). Also submitted was an Exhibit in support of the Notice, which demonstrates that Petitioner was in fact released from BICE custody on May 13, 2005. (Doc. 6, Ex.

---

2005 Order, J. McClure).

[2]We note that on March 1, 2003, the INS was transferred to two bureaus under the Department of Homeland Security, namely, Bureau of Immigration and Customs Enforcement ("BICE") and Bureau of Citizenship and Immigration Services ("BCIS"). Thus, as Petitioner correctly recognizes, the proper Respondent is the BICE Field Office Director with jurisdiction over the detention facility where Petitioner is located. Here, Petitioner was an inmate at York County Prison and the BICE District Director of the Philadelphia District has been named by Petitioner, and thus, this Court has jurisdiction over his Petition. (Doc. 1, p. 4). *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718, 2722 (2004) (habeas jurisdiction rests in the district of confinement).

[3]Respondents' Exhibit A attached to their present Notice indicates that Petitioner was taken into BICE custody on June 14, 2004. Doc. 6, Ex. A.

A). The Respondents represent that on May 13, 2005, Petitioner was released pursuant to an Order of Supervision. (Doc. 6, p. 1). Petitioner's requested habeas relief was that he receive a custody review and that he be released from BICE custody under conditions of supervision. (Doc. 1, p. 18). Petitioner has seemingly been given a custody review, and he was released from BICE custody pursuant to an Order of Supervision entered on May 13, 2005. (Doc. 6, Ex. A). Respondents essentially state that since Petitioner has only challenged his detention, and he is no longer being detained, the Petition is now moot and should be dismissed as such. Notwithstanding the fact that Petitioner did not yet have time to file a Response to Respondents' Notice, we agree with Respondents that the present Petition is moot.

Since Petitioner has now been released from BICE custody on May 13, 2005, we find that the present Habeas Corpus Petition is moot and should be dismissed. (Doc. 6).

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court found that a petitioner's release in and of itself did not render moot his habeas petition. Rather, the Court stated that "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id*. at 7. In the present case, Petitioner sought habeas relief, claiming that BICE violated his due process rights by detaining him beyond the presumptively reasonable removal period and by not releasing him. Thus, Petitioner claimed he was being unlawfully detained. The question arises now as to whether Petitioner's claim is moot since he is no longer being detained and is no longer in custody. In *Spencer*, the Court stated that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the Plaintiff must have suffered,

3

or be threatened with, an actual injury traceable to the Defendant and likely to be redressed by a favorable judicial decision." *Id.* (Citations omitted). Because Petitioner is not currently being detained and he was found to be a suitable alien for release from custody, his release cannot be simply revoked at any time and for any reason. Rather, Petitioner is under conditions of release contained in his Order of Supervision. (Doc. 6, Ex. A).

Accordingly, we find that Petitioner's release from federal custody truly constitutes an end to his detention. Petitioner is no longer threatened with any actual injury traceable to the Respondents and likely to be redressed by a favorable decision by this Court. Thus, there is no longer any case or controversy presented by Petitioner's Habeas Corpus Petition. We therefore conclude that Petitioner's Habeas Corpus Petition should be dismissed as moot as Respondents request. *See Cox v. McCarthy*, 829 F.2d 800, 802-03 (9th Cir.1987) (A petition for habeas corpus becomes moot when a prisoner is released on parole before the court addresses the merits where being paroled leaves no relief possible).

Moreover, in his Habeas Petition, the Petitioner requested as relief that he be released from BICE custody under supervision. (Doc. 1, p. 18). We find that he will not still suffer from an actual injury from the Respondents now that he has been released from federal custody, and that there is no longer a case or controversy presented.

The Petitioner's claims are moot since he is no longer being detained and there are no longer any collateral consequences as a result of the BICE's detention of him.

In the Third Circuit case of *Chong v. INS*, 264 F. 3d 378 (3d Cir. 2001), the court dealt with the issue as to whether an alien's § 2241 habeas petition was moot when she was no longer in INS

4

custody and deported from the United States.  The court found sufficient collateral consequences flowed from the alien's appeal of the BIA's order of removal, since the removal order prevented the alien as an aggravated felon from reentering the United States for ten (10) years.  *Id*. at 384-86.  Thus, if the BIA's decision were reversed by the court in *Chong,* the Attorney General could exercise his discretion to grant withholding of removal and allow the alien to reenter the United States.  *Id.* at 386.  In *Chong*, the court also discussed the four (4) exceptions to the mootness doctrine, which allow judicial review.  These exceptions are:

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Id*. at 384. (citation omitted).

We find that, based upon *Chong*, Petitioner's Habeas Petition is moot regrading his attack on his continued detention.  Because the Petitioner's habeas corpus claim is now moot, we shall recommend that the Petitioner's Habeas Petition be dismissed.

**II. Recommendation**.

Based on the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus be dismissed as moot.

                                                  **s/ Thomas M. Blewitt**
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated: June 3, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BING ZE DING, | : | CIVIL ACTION NO. **4:CV-05-0947** |
| | : | |
| Petitioner | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| BUREAU OF IMMIGRATION AND | : | |
| CUSTOMS ENFORCEMENT, et al., | : | |
| | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **June 3, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                          **<u>S/ Thomas M. Blewitt</u>**
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: June 3, 2005**